UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
CIVIL ACTION NO. 5:18-CV-167-TBR

ANTHONY WAYNE FAGAN                                                      PLAINTIFF

v.

MATT WENTWORTH                                                           DEFENDANT

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court upon Defendant Matt Wentworth's ("Wentworth") Motion for Summary Judgment. [DN 31.] Plaintiff Anthony Fagan ("Fagan"), *pro se*, has responded. [DN 35.] Wentworth has replied. [DN 36.] As such, this matter is ripe for adjudication. For the reasons that follow, **IT IS HEREBY ORDERED** that Wentworth's Motion for Summary Judgment [DN 31] is **GRANTED.**

**I. Background**

Fagan filed the instant action on November 2, 2018 alleging a violation of his Fourth Amendment right. [DN 1.] His claim stems from an arrest on April 11, 2018 where Fagan alleges Wentworth "mislead a McCracken County Judge to obtain a search warrant". [*Id.* at 5.] Fagan filed a Motion to Suppress and Motion to Reconsider which were both denied. [DN 31-2; 31-3.] Fagan was later convicted of trafficking in controlled substance. [DN 31-4.]

Fagan filed the current case asking this Court to "dismiss state case no 18-cr-00409, pay all legal fees, filing fees and $1,000,000.00". [DN 1 at 6.]

**II. Legal Standard**

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether summary judgment is appropriate, a court must resolve all

ambiguities and draw all reasonable inferences against the moving party. *See Matshushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

"[N]ot every issue of fact or conflicting inference presents a genuine issue of material fact." *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989). The test is whether the party bearing the burden of proof has presented a jury question as to each element in the case. *Hartsel v. Keys*, 87 F.3d 795, 799 (6th Cir. 1996). The plaintiff must present more than a mere scintilla of evidence in support of his position; the plaintiff must present evidence on which the trier of fact could reasonable find for the plaintiff. See id. (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)). The plaintiff may accomplish this by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence…of a genuine dispute…" Fed. R. Civ. P. 56(c)(1). Mere speculation will not suffice to defeat a motion for summary judgment, "the mere existence of a colorable factual dispute will not defeat a properly supported motion for summary judgment. A genuine dispute between the parties on an issue of material fact must exist to render summary judgment inappropriate." *Monette v. Electronic Data Sys. Corp.*, 90 F.3d 1173, 1177 (6th Cir. 1996).

### III. Discussion

**A.** ***Younger v. Harris,*** **401 U.S. 37 (1971)**

Wentworth first argues that this Court cannot intervene in this state law criminal matter. Fagan argues Wentworth "wrongfully characterizes plaintiff's claim as one seeking intervention in a state criminal proceeding". However, Fagan goes on to argue facts alleging the search warrant was invalid. The Court agrees with Wentworth.

In *Younger v. Harris,* 401 U.S. 37, 43 (1971), the Supreme Court held there is a desire "to permit state courts to try state cases free from interference by federal courts." The Sixth Circuit

2

has held *Younger* applies "when the state proceeding 1) is currently pending, 2) involves an important state interest, and 3) affords the plaintiff an adequate opportunity to raise constitutional claims." *Coles v. Granville,* 448 F.3d 853, 865 (6th Cir. 2006). "The first condition for the application of *Younger* abstention is that the state proceeding must be pending on the day the plaintiff sues in federal court". *Nimer v. Litchfield Twp. Bd. Of Trs.,* 707 F.3d 699, 701. A subsequent disposition of a case does not affect this analysis. *Federal Express Corp. v. Tennessee Public Service Com.,* 925 F.2d 962, 969 (6th Cir. 1991). A case "remains pending until a litigant has exhausted his state appellate remedies." *Loch v. Watkins,* 337 F.3d 574, 578 (6th Cir. 2003). Here, Fagan filed suit on November 2, 2018. At that time, the state law case was still pending. Fagan was not convicted until February 6, 2019. [DN 31-4.] There also is no indication that he has exhausted his state remedies. Therefore, the first abstention factor is met.

The second factor is also met. A state has an important interest in enforcing criminal laws. *Gray v. Hampton,* 2017 U.S. Dist. LEXIS 2013 *7 (E.D. Ky. Dec. 6, 2013). The third factor is also met. When this case was filed, Fagan had an adequate opportunity to raise constitutional claims. In fact, he did so when filing his motion to suppress. Fagan argued his Fourth Amendment rights had been violated. Therefore, the Court will not intervene in this matter.

**B.** *Heck v. Humphrey,* **512 U.S. 477 (1994)**

Wentworth also argues that the Court may not rule on this case due to the *Heck* doctrine. Fagan argues he is not seeking intervention. The Court agrees with Wentworth.

In *Heck*, the Court held a plaintiff "must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus". *Heck,* 512 U.S. at 486-487. That Court went on to state, "when a state

prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed". *Id.* at 487

Here, Fagan argues Wentworth "falsified official pleadings to secure a search warrant for two (2) properties associated with plaintiff" in violation of his Fourth Amendment rights. [DN 35 at 1.] If the Court finds that Fagan's rights were indeed violated, it would imply the invalidity of his conviction. Further, Fagan asks this Court to dismiss the underlying case in addition to awarding damages. This Court cannot grant Fagan the relief he wants in this action. Therefore, even if *Younger* abstention did not apply, this Court cannot hear this case under the *Heck* doctrine.

### IV. Conclusion

For the above stated reasons, **IT IS HEREBY ORDERED** that Defendant Wentworth's Motion for Summary Judgment [DN 31] is **GRANTED.**

A judgment will follow.

**IT IS SO ORDERED.**

Thomas B. Russell, Senior Judge
United States District Court

January 29, 2020

cc: Anthony Wayne Fagan
241004
BELL COUNTY FORESTRY CAMP
560 Correctional Drive
Pineville, KY 40977
PRO SE

4